IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERVIN M. COAXUM JR.,            )
                                )
           Plaintiff,           )
                                )
     v.                         )     1:09CV1004
                                )
DAIMLER TRUCKS NORTH AMERICA, LLC, )
                                )
           Defendant.           )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, through counsel, filed a Complaint against Defendant. (Docket Entry 1.) Defendant executed a waiver of service and answered. (Docket Entries 4, 5.) The Court approved the parties' Joint Rule 26(f) Report, which provided for the close of discovery and the completion of mediation by October 15, 2010. (Docket Entries 8, 9.) The Clerk thereafter set the case on the July 2011 Master Calendar for trial. (Docket Entry 17.)

On May 21, 2010, the Court granted the motion of Plaintiff's counsel to withdraw and gave Plaintiff 20 days to notify the Court and Defendant of his new counsel or his intent to proceed pro se; the Order further directed Plaintiff to include his address and telephone number in such notice, if he elected to proceed pro se, and warned him that failure to comply could lead to dismissal of his action as abandoned. (Docket Entry 16.) On June 30, 2010, Defendant moved to dismiss this action based on Plaintiff's failure to comply with the foregoing Order and served said motion on Plaintiff's former counsel. (Docket Entry 18.) The Court promptly mailed to Plaintiff's address a notice of his right to respond. (Docket Entry 19.) On July 8, 2010, Defendant served the motion to

dismiss on Plaintiff directly by mail to his address. (Docket Entry 21.) However, due to the premature termination of Plaintiff's counsel from the case's CM/ECF listing, Plaintiff apparently did not receive a copy of the Court's Order dated May 21, 2010, until sometime after July 6, 2010. (See Docket Entry 22.)

On August 12, 2010, the Clerk docketed a document from Plaintiff styled as a motion, but that, in reality, constituted a response to Defendant's motion to dismiss. (Docket Entry 25.)[1] In that document, Plaintiff attributed his prior failure to comply with the Court's Order dated May 21, 2010, to his hospitalization and rehabilitation arising from an accident, during the period of June 6-24, 2010, and announced his intention to proceed pro se; Plaintiff identified a return address on the envelope in which he submitted the document in question (which matched the address at which Defendant and the Court served Plaintiff), but did not list his telephone number as the Court previously had directed. (See Docket Entry 25.) In the interest of justice, the Court should not dismiss this action under the circumstances presented; Plaintiff, however, will be directed to provide notice of his telephone number to the Court and Defendant.

On September 14, 2010, Defendant moved to compel Plaintiff to comply with its prior discovery requests and for modification of the Scheduling Order; said motions set forth in detail (with

---

[1] On August 2, 2010, the Court struck a similar document apparently submitted by Plaintiff without a signature on or about July 21, 2010. (See Docket Entries 23, 24.)

corroborating attachments) the diligent (but unsuccessful) efforts Defendant has made to conduct discovery and to communicate with Plaintiff. (See Docket Entries 27, 28.) Despite having been served with those motions at the address he utilized to communicate with the Court, Plaintiff has failed to respond. (See Docket Entries dated Sept. 14, 2010, to present.) Under this Court's Local Rules, Plaintiff's default in this regard generally warrants the granting of Defendant's motions. See M.D.N.C. R. 7.3(k). The Court sees no reason to depart from that general rule in this case. Accordingly, the Court will order Plaintiff to comply with Defendant's discovery requests (as set out in its instant motion to compel) by December 6, 2010, and will extend the discovery and mediation deadlines until March 15, 2011; however, the Court will not alter the trial schedule at this time.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Action Due to Disregard of This Court's Order (Docket Entry 18) be **DENIED** and that Plaintiff's self-styled motion (Docket Entry 25) be **DENIED AS MOOT.**

**IT IS ORDERED** that Defendant's Motion to Compel Discovery and Certificate Pursuant to Local Rule 37.1 (Docket Entry 27) is **GRANTED.** No later than December 6, 2010, Plaintiff shall serve Defendant with his responses to the discovery requests identified in Defendant's motion to compel. In addition, by that date, Plaintiff shall file with the Court and shall serve upon Defendant a Notice setting out Plaintiff's telephone number. A failure by Plaintiff to comply with any of the requirements of this Order will

3

provide grounds for dismissal of this action.  To assist Plaintiff in meeting his discovery obligations, the Clerk shall send him a copy of Rules 5, 6, 7, 10, 11, 26, 33, 34, and 37, as well as Forms 1 and 2, of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendant's Motion for Entry of a Scheduling Order Modifying Deadlines (Docket Entry 28) is **GRANTED IN PART**.  The deadline for completion of discovery and mediation is extended to March 15, 2011.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                **United States Magistrate Judge**

November 2, 2010