IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ERVIN M. COAXUM JR.,              )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:09CV1004
                                  )
DAIMLER TRUCKS NORTH AMERICA, LLC,)
                                  )
            Defendant.            )
```

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion for Sanction of Dismissal for Failure to Provide Discovery as Ordered by the Court (Docket Entry 33). (See Docket Entry dated Dec. 28, 2010; Fed. R. Civ. P. 72(b)(1).) For the reasons that follow, the Court should grant Defendant's instant motion and should dismiss this action.

### BACKGROUND

Plaintiff, through counsel, filed a Complaint against Defendant. (Docket Entry 1.) Defendant executed a waiver of service and answered. (Docket Entries 4, 5.) The Court approved the parties' Joint Rule 26(f) Report, which provided for the close of discovery by October 15, 2010. (Docket Entries 8, 9.) The Clerk thereafter set the case for trial during the July 2011 Master Calendar term. (Docket Entry 17.)

On May 21, 2010, the Court granted the motion of Plaintiff's counsel to withdraw and gave Plaintiff 20 days to notify the Court and Defendant of his new counsel or his intent to proceed pro se; the Order further directed Plaintiff to include his address and

telephone number in such notice, if he elected to proceed pro se, and warned him that failure to comply could lead to dismissal of his action as abandoned. (Docket Entry 16.) On June 30, 2010, Defendant moved to dismiss this action based on Plaintiff's failure to comply with said order and served said motion on Plaintiff's former counsel. (Docket Entry 18.) The Court promptly mailed to Plaintiff's address a notice of his right to respond. (Docket Entry 19.) On July 8, 2010, Defendant served the motion to dismiss on Plaintiff directly by mail to his address. (Docket Entry 21.) However, due to the premature termination of Plaintiff's counsel from the case's CM/ECF listing, Plaintiff apparently did not receive a copy of the Court's May 21, 2010 Order, until sometime after July 6, 2010. (See Docket Entry 22.)

On August 12, 2010, the Clerk docketed a document from Plaintiff styled as a motion, but that, in reality, constituted a response to Defendant's motion to dismiss. (Docket Entry 25.) In that document, Plaintiff attributed his prior failure to comply with the Court's May 21, 2010 Order to his hospitalization and rehabilitation arising from an accident and announced his intention to proceed pro se; Plaintiff identified a return address on the envelope in which he submitted said filing (which matched the address at which Defendant and the Court had served Plaintiff), but he failed to list his telephone number as the Court had directed. (See Docket Entry 25.)

On September 14, 2010, Defendant moved to compel Plaintiff to comply with its prior discovery requests; said motion set forth in

detail (with corroborating attachments) the diligent (but unsuccessful) efforts Defendant had made to conduct discovery and to communicate with Plaintiff. (See Docket Entry 27.) Despite having been served at the address he utilized to communicate with the Court, Plaintiff failed to respond. (See Docket Entries dated Sept. 14, 2010, to Nov. 2, 2010.)

On November 2, 2010, the undersigned Magistrate Judge ordered Plaintiff to comply with Defendant's discovery requests (and to provide a telephone number to the Court) by December 6, 2010. (Docket Entry 30 at 3-4.) In light of Plaintiff's representations regarding his hospitalization, the undersigned Magistrate Judge recommended that the Court not dismiss Plaintiff's action for failing to comply with the Court's May 21, 2010 Order. (See id. at 2, 3.)[1] The undersigned Magistrate Judge, however, specifically warned Plaintiff that "[a] failure by [him] to comply with any of the requirements of [the November 2, 2010 Order] will provide grounds for dismissal of this action." (Id. at 3-4.)[2]

Notwithstanding that warning, Plaintiff failed to answer Defendant's discovery requests (or to give notice of his telephone number), resulting in Defendant's filing of the instant motion. (See Docket Entry 33 at 1-2; Docket Entries dated Nov. 2, 2010, to

---

[1] Chief Judge James A. Beaty, Jr. thereafter adopted that Recommendation. (Docket Entry 32.)

[2] In addition, to assist Plaintiff in responding to Defendant's discovery requests, the Clerk mailed Plaintiff copies of relevant portions of the Federal Rules of Civil Procedure. (See Docket Entry 30 at 4.)

3

present.)  Nor did Plaintiff respond to Defendant's instant motion. (See Docket Entries dated Dec. 22, 2010, to present.)

DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b).  In this case, appellant failed to respond to a specific directive from the court."  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly."  Id.  Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal."  Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, Plaintiff's inaction prejudices Defendant's right to discover information necessary to its defense of this case, Plaintiff has failed to comply with orders on prior occasions throughout the life of this case, and no other sanction appears feasible or sufficient.

Moreover, in assessing the propriety of dismissal, an "explicit warning that a recommendation of dismissal would result

from failure to obey [an] order is a critical fact . . . ." Id. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal.  Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse."  Id.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Sanction of Dismissal for Failure to Provide Discovery as Ordered by the Court (Docket Entry 33) be **GRANTED** and that this action be **DISMISSED.**

                                       /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                              **United States Magistrate Judge**

February 14, 2011